UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IDALBERTO RONDON,

        Petitioner,

v.                                              CIVIL ACTION NO. 05-CV-71034-DT
                                              HONORABLE JOHN CORBETT O'MEARA

JAN TROMBLEY,

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITION
FOR WRIT OF HABEAS CORPUS**

**I.    Introduction**

Petitioner Idalberto Rondon, a state prisoner currently confined at the Saginaw Correctional Facility in Freeland, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting that he is being held in violation of his constitutional rights. Respondent Jan Trombley is the warden at the Saginaw Correctional Facility.

Petitioner was convicted of possession with intent to deliver more than 650 grams of cocaine, Mich. Comp. L. § 333.7401(2)(a)(I), possession with intent to deliver more than 5 but less than 45 kilograms of marijuana, Mich. Comp. L. § 333.7401(2)(d)(ii), and maintaining a drug house, Mich. Comp. L. § 33.7405(1)(d) following a bench trial in the Kent County Circuit Court in 1999. He was sentenced to concurrent terms of life imprisonment on the cocaine conviction, 9 to 14 years imprisonment on the marijuana conviction, and 32 to 46 months imprisonment on the drug house conviction. In his pleadings, Petitioner raises Fourth

1

Amendment claims concerning search and seizure issues and Sixth Amendment claims concerning the effectiveness of trial and appellate counsel. For the reasons stated below, the petition for writ of habeas corpus is denied.

## II. Relevant Facts and Procedural History

Petitioner's convictions stem from a vehicle stop and subsequent drug bust that occurred at his home in Grand Rapids, Michigan on January 21, 1998. Police recovered three pounds of marijuana from Petitioner's rented vehicle, as well as three kilograms of cocaine and approximately 22 pounds of marijuana from his residence. Petitioner moved to suppress the evidence prior to trial, but the trial court denied the motion.

Following his convictions and sentencing, Petitioner filed an appeal as of right with the Michigan Court of Appeals asserting several claims of illegal search and seizure. The Michigan Court of Appeals affirmed his convictions. *People v. Rondon*, No. 222465, 2001 WL 709314 (Mich. App. March 16, 2001) (unpublished). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, raising search and seizure claims, which was denied. *People v. Rondon*, 465 Mich. 881, 635 N.W.2d 317 (2001).

Petitioner subsequently filed a motion for relief from judgment with the trial court raising the search and seizure claims, as well as claims that trial and appellate counsel were ineffective in his criminal proceedings. The trial court denied the motion. *People v. Rondon*, No. 98-03022-FH (Kent Co. Cir. Ct. Jan. 26, 2004) (unpublished). Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals raising the same issues, which was denied for failure to "meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Rondon*, No. 256509 (Mich. App. Dec. 16, 2004) (unpublished). Petitioner attempted

to appeal this decision to the Michigan Supreme Court, but his application for leave to appeal was rejected as untimely. *See* Michigan Supreme Court Clerk letter and affidavit.

Petitioner thereafter filed the present habeas petition asserting the following claims as grounds for relief:

> I. The warrantless seizure of defendant's person from within the curtilage of his home without exigent circumstances violated his Fourth Amendment rights.
>
> II. A warrantless search of a motor vehicle parked and unoccupied within the curtilage of the home cannot be justified by the automobile exception to the Fourth Amendment's warrant requirement.
>
> III. The affidavit in support of the search warrant for defendant's home did not establish a nexus between the contraband found in the automobile and the home.
>
> IV. An evidentiary hearing must be conducted because there is no record for this court to make a determination of the facts for either the search and seizure issues or the ineffective assistance of trial and appellate counsel.
>
> V. Defendant's trial counsel was ineffective within the meaning of the Sixth Amendment and Constitution 1963, Art 1 § 20 and said ineffectiveness prejudiced the defendant.
>
> VI. Defendant's appellate counsel was ineffective within the meaning of the Sixth Amendment and Constitution 1963, Art 1 § 20 and said ineffectiveness prejudiced the defendant.

Respondent has filed an answer to the petition, asserting that it should be denied because the claims are not cognizable, lack merit, and/or are barred by procedural default. Petitioner has filed a reply to the answer.

### III. Standard of Review

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified 28 U.S.C. § 2241 *et seq.*, govern this case because Petitioner filed his

habeas petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations

4

omitted); *see also Williams*, 529 U.S. at 409.

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams*, 529 U.S. at 412; *see also Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16. While the requirements of "clearly established law" are to be determined solely by the holdings of the Supreme Court, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

Lastly, this Court presume the correctness of state court factual determinations. *See* 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. *See Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

**IV.    Analysis**

A.    Fourth Amendment Claims

Petitioner asserts that he is entitled to habeas relief because the police conducted improper searches and seizures and the resulting evidence should have been suppressed at trial. Respondent contends that this claim is not cognizable and lacks merit.

Federal courts will not address a Fourth Amendment claim upon habeas review if the petitioner had a full and fair opportunity to litigate the claim in state court and the presentation

5

of the claim was not thwarted by any failure of the state's corrective processes. *Stone v. Powell*, 428 U.S. 465, 494-95 (1976). A court must perform two distinct inquiries when determining whether a petitioner may raise a claim of illegal arrest in a habeas action. First, the "court must determine whether the state procedural mechanism, in the abstract, presents the opportunity to raise a fourth amendment claim. Second, the court must determine whether presentation of the claim was in fact frustrated because of a failure of that mechanism." *Machacek v. Hofbauer*, 213 F.3d 947, 952 (6th Cir. 2000) (quoting *Riley v. Gray*, 674 F.2d 522 (6th Cir. 1982)).

Michigan has a procedural mechanism which presents an adequate opportunity for a criminal defendant to raise a Fourth Amendment claim. *See, e.g., People v. Ferguson*, 376 Mich. 90, 93-94 (1965) (motion to suppress), *People v. Harris*, 95 Mich. App. 507, 509 (1980). Petitioner has not shown that a failure of that procedural mechanism prevented him from litigating his claims. The record reveals that Petitioner challenged the legality of the searches and seizures prior to trial. The trial court conducted a hearing but denied the motion to suppress. Petitioner again raised these issues on direct appeal. The Michigan Court of Appeals conducted a thorough review of the Fourth Amendment issues and concluded that Petitioner was not entitled to relief on his claims. *See Rondon*, 2001 WL 709314 at *1-6.

Given this record, it is clear that the Michigan courts were cognizant of Petitioner's Fourth Amendment claims and that he received all the process he was due. While Petitioner challenges the state courts' handling of his claims and their resulting decisions, he has not shown that the procedures were flawed such that he was unable to properly litigate these issues. Petitioner had a full and fair opportunity to litigate his Fourth Amendment claims. Accordingly, his claims concerning the validity of the searches and seizures are not cognizable

6

on habeas review pursuant to *Stone v. Powell*. Habeas relief is not warranted on these claims.

B. <u>Ineffective Assistance of Counsel Claims</u>

Petitioner also contends that he is entitled to habeas relief because trial and appellate counsel were ineffective. Petitioner first raised these claims in his motion for relief from judgment. Respondent contends that these claims are barred by the doctrine of procedural default because Petitioner failed to timely appeal the Michigan Court of Appeals' December 16, 2004 decision (denying leave to appeal the trial court's denial of his motion for relief from judgment) to the Michigan Supreme Court.

A state prisoner's habeas corpus claims are procedurally defaulted if the prisoner has failed to comply with an independent and adequate state procedural rule, thus causing default of the prisoner's federal claims in state court. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991). This can occur when an individual fails to present an issue to a state appellate court upon the only opportunity to do so. *See Teague v. Lane*, 489 U.S. 288, 297-98 (1989); *Rust v. Zant*, 17 F.3d 155, 160 (6th Cir. 1994). In *Coleman*, the United States Supreme Court held that if the decision of the last state court to which a habeas petitioner presented his federal claims fairly appeared to rest primarily on federal law, or to be interwoven with federal law, and did not clearly and expressly rely on an independent and adequate state ground, a federal court may address the petition. *Id.* at 735. The Court went on to note:

> This rule does not apply if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred. In such a case there is a procedural default for purposes of federal habeas regardless of the decision of the last state court to which the petitioner actually presented his claims [citation omitted].

*Id.* at 735 n.1.

The record demonstrates that Petitioner did not timely seek review of his ineffective assistance of trial and appellate counsel issues to the Michigan Supreme Court. The Michigan Supreme Court rejected Petitioner's application for leave to appeal regarding these issues because he submitted the application beyond the 56-day time period for seeking such review under Michigan Court Rule 7.302(C)(2). Thus, Petitioner procedurally defaulted his ineffective assistance of counsel claims in the state courts.

A state prisoner who fails to comply with a state's procedural rules waives the right to federal habeas review absent a showing of cause for noncompliance and actual prejudice resulting from the alleged constitutional violation, or a showing of a fundamental miscarriage of justice. *See Coleman*, 501 U.S. at 753; *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996). The cause and prejudice test should be applied to all occasions where a procedural default bars state litigation of a constitutional claim. *See Coleman*, 501 U.S. at 750. To establish cause, a petitioner must establish that some external impediment frustrated his ability to comply with the state's procedural rule. *See Murray v. Carrier*, 477 U.S. at 488. A petitioner must present a substantial reason to excuse the default. *See Amadeo v. Zant*, 486 U.S. 214, 223 (1988); *Rust*, 17 F.3d at 161. In this case, Petitioner neither alleges nor establishes cause to excuse his failure to timely seek leave to appeal the Michigan Court of Appeals' December 16, 2004 decision to the Michigan Supreme Court. This Court need not address the issue of prejudice when a petitioner fails to establish cause to excuse a procedural default. *See, e.g., Smith v. Murray*, 477 U.S. 527, 533 (1986); *Long v. McKeen*, 722 F.2d 286, 289 (6th Cir. 1983); *Bell v. Smith*, 114 F. Supp. 2d 633, 638 (E.D. Mich. 2000) (Gadola, J.).

Lastly, Petitioner has not established that a fundamental miscarriage of justice has occurred. The miscarriage of justice exception requires a showing that a constitutional violation probably resulted in the conviction of one who is actually innocent. *See Schlup v. Delo,* 513 U.S. 298, 326-27 (1995); *Murray v. Carrier*, 477 U.S. at 496. ""[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 624 (1998). "To be credible, [a claim of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Schlup*, 513 U.S. at 324. Petitioner has made no such showing. His ineffective assistance of counsel claims are thus barred by the doctrine of procedural default.

## V.     Conclusion

For the reasons stated, this Court concludes that Petitioner is not entitled to federal habeas relief on the claims presented in his petition, nor is an evidentiary hearing warranted on those claims. Accordingly,

**IT IS ORDERED** that the petition for writ of habeas corpus is **DENIED WITH PREJUDICE**.

                                           s/John Corbett O'Meara
                                           John Corbett O'Meara
                                           United States District Judge

Dated: March 10, 2006